UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ADRIEN CADWALLADER,

                                                   **Plaintiff,**
v.                                                              **3:15-CV-139**

**RICHARD J. DEVLIN, JR.,** *et al.*,

                                                   **Defendants.**
_____

**Thomas J. McAvoy, S.U.S.D.J.**

## DECISION & ORDER

Before the Court is Defendant Julie Andrews' motion to dismiss, dkt. # 68, in this case involving claims that Defendants violated Plaintiff's Eighth Amendment rights while he was incarcerated in Ostego County, New York. The parties have briefed the issues and the Court has determined to resolve them without oral argument.

**I.    Background**

Plaintiff filed a three-count Complaint and motion to proceed *in forma pauperis* on February 9, 2015. See dkt. #s 1-2. The Complaint alleges that the Defendants, administrators and medical personnel at the Ostego County Jail, were deliberately indifferent to Plaintiff's serious medical needs during his incarceration. See Complaint, dkt. # 1. After a preliminary review of the Complaint, Magistrate Judge David E. Peebles ordered that the *in forma pauperis* motion be granted and the Complaint served on the Defendants. See dkt. # 4. The Court issued summons as to all Defendants. See dkt. # 5. The United States Marshals Service served the Complaint on a number of the Defendants, filing return of service documents with the Court on April 21, 2015. See dkt.

1

#s 7-16. The Marshals were unable to serve a number of the Defendants at that time, however, including moving Defendant Julie Andrews. See dkt. # 17, 18-23. By April 27, 2015, most of these remaining Defendants had been served, and all of the Defendants save the moving Defendant had filed answers by June 11, 2015. See dkt. #s 25-29, 31, 35, 37.

Magistrate Judge Peebles appointed *pro bono* counsel and scheduled a case management conference on June 26, 2015. See dkt. # 40. On August 13, 2015, Magistrate Judge Peebles then granted that attorney's request to be relieved of the assignment and appointed another attorney to represent the Plaintiff. See dkt. # 47. Defendants filed a motion to dismiss pursuant to Rule 12(c) on September 10, 2015. See dkt. # 49. After delays in the briefing due in part to new counsel appearing on Plaintiff's behalf, this Court denied the motion to dismiss on January 7, 2016. See dkt. # 59.

Magistrate Judge Peebles conducted a telephone conference on February 11, 2016. See Minute Entry for Conference on February 11, 2016. He set new case management deadlines and excused the parties from participation in mandatory mediation. Id. Magistrate Judge Peebles also extended the deadline to effectuate service of process upon Defendant Andrews until April 12, 2016. Id. Plaintiff filed an affidavit of service for Defendant Andrews on April 8, 2016, and she answered the Complaint on April 19, 2016. See dkt. #s 65, 67. On June 17, 2016, Defendant filed the instant motion. See dkt. # 68. Plaintiff responded, bringing the case to its present posture.

**II.   Analysis**

Defendant styles her motion as one brought pursuant to Rules 12(b)(2) and 12(b)(5). She argues that she may bring such motions, even though she has answered the Complaint, because the grounds for the motion–lack of personal jurisdiction–were

stated in the answer.  In the alternative, Defendant seeks leave of Court to amend her answer to assert a defense of insufficient service of process.

Rule 12(b) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required."  FED. R. CIV. P. 12.  Among the defenses permitted by this rule are "(2) lack of personal jurisdiction" and "(5) insufficient service of process[.]"  FED. R. CIV. P. 12(b)(2), 12(b)(5).

Defendant argues that her defense of lack of personal jurisdiction, stated in her answer, should be construed as one asserting improper service of process.  She does so as a means of asserting that her motion is timely, even after filing an answer.  Even assuming that Defendant raised her defenses in a timely fashion, which the parties dispute, she cannot obtain relief based on the circumstances of this case.

Defendant does not seriously contend that the court lacks personal jurisdiction in this case, and could not, since "[q]uestions of personal jurisdiction go to 'whether the controversy or defendant has sufficient contact with the forum to give the court the right to exercise judicial power over defendant[.]'" Santos v. State Farm Fire & Casualty Co., 902 F.2d 1092, 1095 (2d Cir. 1990) (quoting 2A MOORE'S FEDERAL PRACTICE (2d ed. 1989) § 1351 at 560).  Defendant could not prevail on those grounds, since she worked at the jail, which is in this district, where the events that are the subject of this lawsuit occurred.   As such, Defendant cannot prevail on any motion under Rule 12(b)(2), regardless of when brought.

A motion pursuant to Rule 12(b)(5) addresses the "sufficiency of service" and "concern[s] 'the manner in which service has been made and not . . . the court's power to adjudicate defendant's rights and liabilities[.]"  Id. (quoting 2A MOORE'S FEDERAL PRACTICE (2d ed. 1989) § 1351 at 578-79).  Defendant argues that service was untimely in this case,

3

coming more than a year after Plaintiff filed his Complaint. The Federal Rules of Civil Procedure require that a plaintiff serve a defendant "within 90 days after the complaint is filed[.]" Fed. R. Civ. P. 4(m). A court "must" dismiss a complaint without prejudice if not served within 90 days "or order that service be made within a specified time." Id.[1] At the same time, "if the plaintiff shows good cause for the failure, the court must extend the time of service for an appropriate period." Id. A court has "discretion to grant extensions even the absence of good cause." Zapata v. City of New York, 502 F.3d 192, (2d Cir. 2007). "In determining whether to enlarge the time for service despite the absence of good cause, the district court weighs the impact that dismissal or extension would have on the parties." Ingrassia v. Health & Hosp. Corp., 130 F.Supp.3d 709, 717 (E.D.N.Y. 2015). A court abuses its discretion "if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible exceptions." Gerena v. Korb, 617 F.3d 197, 201 (2d Cir. 2010).

The Court finds that service was not untimely under Rule 4(m). As is clear from the procedural history described above, Plaintiff sought an extension of time to serve the Complaint on Defendant Andrews from Magistrate Judge Peebles. Magistrate Judge Peebles granted that request and served the Complaint within the time allotted. As the Magistrate Judge is permitted by Rule 4(m) to extend the time for service of the

---

[1] A 2015 amendment to the Federal Rules shortened the time period for service from 120 to 90 days, a move designed to "reduce delay at the beginning of litigation." Notes to 2015 Amendment FED. R. CIV. P. 4. The drafters of the amendment predicted that "[s]hortening the presumptive time for service will increase the frequency of occasions to extend time for good cause. More time for service may be needed, for example, when a request to waive service fails, a defendant is difficult to serve, or a marshal fails to make service in an in forma pauperis action." Id.

Complaint, Plaintiff timely served Defendant. The Court could deny Defendant's motion on that basis alone.

Defendant argues that no good cause exists to permit an extension of time to serve the Complaint on Defendant Andrews, and that the Court should therefore dismiss the action with prejudice. The Court reads this argument in part to contend that the Magistrate Judge erred in extending the time for service of the Complaint. In that sense, Defendant may be appealing the Magistrate Judge's decision.

Even if the Court were to construe Defendant's motion as an appeal of the Magistrate Judge's non-dispositive decision to permit service of the Complaint, however, the Court would still deny that motion. A district court judge reviewing a magistrate judge's non-dispositive pretrial order may not modify or set aside any part of that order unless it is clearly erroneous or contrary to law. Labarge v. Chase Manhattan Bank, N.A., 1997 U.S. Dist. LEXIS 13803, 1997 WL 5853122, at *1 (N.D.N.Y. Sept. 3, 1997) (citing 28 U.S.C. § 636(b)(1)); FED. R. CIV. P. 72(a); Mathias v. Jacobs, 167 F.Supp.2d 606, 621-23 (S.D.N.Y. 2001). Findings are clearly erroneous when the reviewing court is firmly convinced the lower court decided an issue in error. Lanzo v. City of New York, 1999 U.S. Dist. LEXIS 16569, 1999 WL 1007346, *2-3 (E.D.N.Y. Sept. 21, 1999). This standard imposes a heavy burden on the objecting party. Labarge, 1997 U.S. Dist. LEXIS 13803, 1997 WL 583122 at *1.

Here, the Magistrate Judge's decision was not clearly erroneous or contrary to law. As explained above, a court has discretion to permit service of the Complaint, either with good cause or without. The Court is not firmly convinced that the Magistrate Judge erred in extending the time for service. Assuming that the Magistrate Judge concluded that no good cause existed for Plaintiff's failure to serve Defendant with the Complaint, the Court

nevertheless finds that the Magistrate Judge's decision to permit service is supported by the circumstances of the case. The lack of service can partly be explained by Plaintiff's original status as a pro-se filer. In addition, the other Defendants' filing of a 12(c) motion meant that any discovery in the matter was delayed while the Court resolved the potentially dispositive matter. Defendant has not asserted any prejudice caused by the delay in service, and the Court finds no abuse of discretion in permitting Plaintiff to raise claims against all those involved in his medical treatment during his incarceration.

The Defendant's motion to dismiss pursuant to Rule 12(c) will therefore be denied. As the Court has concluded that there was no defect in service, the Court will also deny Defendant's motion to amend her answer to assert that defense as futile.

### III. Conclusion

For the reasons stated above, Defendant Andrews' motion to dismiss and motion to amend, dkt. # 68, is hereby DENIED.

**IT IS SO ORDERED**.

Dated: September 9, 2016

Thomas J. McAvoy
Senior, U.S. District Judge